# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRANDON CHE LEE, | ) | NO. CV 19-7744-DMG (KS) |
|     Plaintiff, | ) | |
|   v. | ) | **ORDER AND JUDGMENT OF DISMISSAL** |
| UNKNOWN, | ) | |
|     Defendant. | ) | |

On September 6, 2019, Plaintiff, a federal prisoner proceeding *pro se*, filed a "criminal complaint" (hereinafter, the "Complaint"). [Doc. # 1.] The Complaint does not identify the relief Plaintiff seeks or the laws or constitutional provisions that Plaintiff believes have been violated. (*See generally id.*) Plaintiff states that he is suing the Warden at the Federal Correctional Institute – Terminal Island ("FCI-TI") and, *inter alia*, "J unit team, J unit staff Romes, J unit staff Jackson, and all of the staff who involved in this complaint including J unit manager Watkins." (*Id.*) The vast majority of the allegations contained in the nine-page Complaint concern fellow inmates "fumbl[ing] [their] penis[es]" in front of Plaintiff. (*Id.*)

The Complaint does not identify the relief Plaintiff seeks from the Court or the laws or constitutional provisions he believes have been violated. It is also unclear from the Complaint

1

whom Plaintiff is suing, the number of claims he is asserting, and the factual and legal basis for those claims. As such, the Complaint violates Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 8; *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaint violates Rules 8 if a defendant would have difficulty understanding and responding to it); *see also* 28 U.S.C. § 1915A(b) (Congress requires district courts to dismiss civil rights complaints brought by prisoners if the court determines that the complaint, or any portion thereof, fails to state a claim upon which relief can be granted).

Also on September 6, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*. [Doc. # 2.] On August September 23, 2019, after more than two weeks had passed and Plaintiff had not responded to the Court's notification, the Court ordered Plaintiff to show cause, no later than October 14, 2019, why the action should not be dismissed for failure to pay the filing fee or obtain authorization to proceed without prepayment of the fee. [Doc. # 4.]

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Nine weeks have now passed since the Court issued its September 6, 2019 notification, and more than three weeks have passed since Plaintiff's October 14, 2019 deadline for paying the filing fee or filing a request to proceed without prepayment of the fee. To date, Plaintiff has neither paid the filing fee nor requested to proceed *in forma pauperis*.[1] In light of the foregoing, IT IS HEREBY ORDERED AND ADJUDGED that this action is DISMISSED.

DATED: November 8, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has now filed seven complaints involving similar allegations in the past year. *See Brandon Che Lee v. FCI-TI Warden et al*, 2:19-cv-6117-DMG-KS; *Brandon Che Lee v. Warden*, 2:19-cv-7746-DMG-KS; *Brandon Che Lee v. Unknown*, No. 2:18-cv-09828-DMG-KS (Mar. 5, 2019); *Brandon Che Lee v. Warden et al*, No. 2:19-cv-02811-DMG-KS (Jun. 17, 2019); *Brandon Che Lee v. Warden et al*, No. 2:19-cv-04865-DMG-KS (Sept. 9, 2019); *Brandon Lee v. Unknown*, 2:19-cv-05503-DMG-KS (Aug. 20, 2019). In all of these prior cases, Plaintiff did not pay the filing fee or request to proceed *in forma pauperis*. To date, four of these prior cases have been dismissed for failure to pay the filing fee or request to proceed IFP, and dismissal has been recommended in the other three.

3